```
 1  ROBINSON & COLE LLP
    Jamie L. Edmonson, Esq. (Bar No. 185384)
 2  1201 North Market Street
 3  Wilmington, DE 19801
    Tel: (302)516-1700
 4  Fax: (302)516-1699
 5
    Attorneys for Non-Party Witnesses
 6  Eugene Elsbree, Esq. and Kelly Nugent, Esq.
 7
 8              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
 9
10  _____
11  In re:                          )  Case No. 12-12020-shl
    RESIDENTIAL CAPITAL, LLC,       )
12  et al.                          )
13          Debtors.                )  Chapter 11
                                    )  Jointly Administered
14  _____)
    ROWENA DRENNEN, FLORA           )
15  GASKIN, ROGER TURNER,           )  Adv. Case No. 15-01025-shl
    CHRISTIE TURNER, JOHN           )
16  PICARD AND REBECCA              )
17  PICARD, individually and as the )
    representatives of the KESSLER  )  **Non-Party Witnesses Eugene**
18  SETTLEMENT CLASS,               )  **Elsbree, Esq. and Kelly Nugent,**
                                    )  **Esq.'s Memorandum of Points and**
19                                  )  **Authorities in Support of Their**
20  STEVEN AND RUTH                 )  **Motion to Quash Subpoenas and for**
    MITCHELL, individually and as   )  **Protective Order**
21  the representatives of the      )
    MITCHELL SETTLEMENT             )
22  CLASS,                          )
23                                  )
    and                             )
24                                  )
25  RESCAP LIQUIDATING TRUST,       )
26          Plaintiffs,             )
27                                  )
28  vs.                             )
                                    )
```
— 1 —

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, | )<br>)<br>) |
| Defendants. | ) |

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ..................................................................................1

II. THE PARTIES AND JURISDICTION ......................................................................2

III. THE NEW YORK ACTION ......................................................................................3

IV. THE NON-PARTY WITNESSES .............................................................................4

V. GOOD FAITH MEET AND CONFER PROCESS .....................................................5

VI. ARGUMENT .............................................................................................................6

    A. **Plaintiffs' Subpoenas Improperly Intrude On The Attorney-Client Relationship Between the Non-Party Witnesses and Defendant Underwriters.** ................................................................................................7

    B. **Plaintiffs' Subpoenas Are Duplicative And Seek Unnecessary Testimony By Defendant Underwriters' Former Coverage Counsel.** ........................................................................................................9

    C. **Plaintiffs' Subpoenas Improperly Seek To Compel Multiple Days Of Testimony By The Non-Party Witnesses.** ..........................................11

    D. **Compliance With Plaintiffs' Subpoenas Should Be Stayed Pending Decision By This Court.** ........................................................................11

VII. CONCLUSION .......................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Aetna Cas. & Surety Co. v. Superior Court*,
  153 Cal. App. 3d 467 (Cal. Ct. App. 1984)..........................................................9

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
  300 F.R.D. 406 (C.D. Cal. 2014).......................................................................10

*Audio MPEG, Inc. v. HP Inc.*,
  2017 WL 950847 (N.D. Cal. 2017)....................................................................10

*Europlay Capital Advisors, LLC v. Does*,
  323 F.R.D. 628 (C.D. Cal. 2018).........................................................................6

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*,
  161 F.R.D. 86 (N.D. Cal. 1995).........................................................................10

*HLC Props., Ltd. v. Superior Court*,
  35 Cal.4th 54 (Cal. 2005)....................................................................................7

*Holmgren v. State Farm Mut. Auto. Ins. Co.*,
  976 F.2d 573 (9th Cir. 1992)...............................................................................8

*In re C.M. Meiers Co., Inc.*,
  2016 WL 9458553 (Bank. C.D. Cal. Dec. 20, 2016)...........................................8

*Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*,
  123 F. Supp. 3d 1215 (N.D. Cal. 2015).............................................................10

*Moon v. SCP Pool Corp.*,
  232 F.R.D. 633 (C.D. Cal. 2005).......................................................................10

*Shopify (USA), Inc. v. Express Mobile, Inc.*,
  2019 WL 5893235 (N.D. Cal. Nov. 12, 2019).....................................................9

*Sines v. Kessler*,
  2018 WL 3730434 (N.D. Cal. Aug. 6, 2018).......................................................6

*United States v. CBS*,
  666 F.2d 364 (9th Cir. 1982)...............................................................................7

**Statutes**

Cal. Evid. Code § 952.................................................................................................7

Cal. Evid. Code § 954.................................................................................................7

Fed. R. Civ. P. 26(b)(3) .............................................................................................7

Fed. R. Civ. P. 30(b)(6) .......................................................................................1, 11

Fed. R. Civ. P. 45(c)(1)(A), 45(d)(3)...................................................................3, 6, 7

Fed. R. Civ. P. 45(d)(2)(B)......................................................................................11

Fed. R. Evid. 501 ................................................................................7

**Rules**

Rule 30(d)(1), Fed. R. Civ. P., ...........................................................11

Rule 45, Fed. R. Civ. P., ..................................................................3, 6

## I. PRELIMINARY STATEMENT

Eugene Elsbree, Esq., and Kelly Nugent, Esq. (collectively, the "Non-Party Witnesses") respectfully move this Court pursuant to Rule 45 of the Federal Rules of Civil Procedure for an Order quashing the subpoenas served on them and staying compliance with the subpoenas (which seeks to compel the deposition of Eugene Elsbree, Esq., on December 10-11 and the deposition of Kelly Nugent, Esq., on December 17-18) until a decision is rendered, and for a protective order to prevent further efforts to unduly burden or harass the Non-Party Witnesses with discovery.

The subpoenas were issued in connection with an insurance coverage action captioned *Drennan v. Certain Underwriters at Lloyd's*, venued in the United States Bankruptcy Court of the Southern District of New York. Plaintiffs in that action issued three subpoenas for testimony by three former attorneys for Defendant Underwriters (who were employed in the San Francisco office of Sedgwick LLP).[1] The Non-Party Witnesses object to the subpoenas on the basis that they are unduly burdensome and seek to intrude on matters protected by attorney-client, work product, and joint defense privileges. The subpoenas seek to compel the Non-Party Witnesses to testify for 14 hours over the course of two days without any support demonstrating the substantial need for their testimony – notably, the subpoenas are entirely devoid of any details to support any need for the Non-Party Witnesses' testimony, particularly where Plaintiffs have yet to conduct Fed. R. Civ. P. 30(b)(6) depositions of Defendant Underwriters.

Over the course of several weeks and multiple good faith meet and confers, the Non-Party Witnesses noted their objections to the subpoenas and sought to reach a mutually agreeable resolution of this matter in order to obviate the need for judicial intervention. Notably, the Non-Party Witnesses objected on

---

[1] This motion moves to quash the subpoenas as to Eugene Elsbree, Esq. and Kelly Nugent, Esq. only. A concurrent motion to quash is being filed by William Lutz, Esq. in the Central District of California.

– 1 –

the basis that the subpoenas do not comply with the time limitations as set forth in the Federal Rules, and that testimony from the Non-Party Witnesses would be duplicative with each other. Notwithstanding their objections, the Non-Party Witnesses offered to produce Eugene Elsbree, Esq. for 10.5 hours of testimony over the course of two days and suggested that the remaining subpoenas be held in abeyance until after Mr. Elsbree's deposition and the deposition of Defendant Underwriters pursuant to Rule 30(b)(6). Plaintiffs, however, refused this offer of compromise. Given these circumstances, the Non-Party Witnesses request that their compliance with these subpoenas be stayed until resolution of this matter, and ask that the Court issue a protective order to prohibit further discovery from the Non-Party Witnesses.

## II. THE PARTIES AND JURISDICTION

Non-Party Witness Eugene Elsbree, Esq., is a resident of Marin County, California, and a former attorney for Defendant Underwriters in the New York Action.

Non-Party Witness Kelly Nugent, Esq., is a resident of Alameda County, California, and a former attorney for Defendant Underwriters in the New York Action.

Plaintiffs in the New York Action issued a Subpoena Ad Testificandum dated November 9, 2020, to non-party witness Eugene Elsbree, Esq. ("Elsbree Subpoena"), compelling his testimony by oral deposition in Marin County, California, on December 10 and 11, 2020. A true and correct copy of the Elsbree Subpoena is annexed to the Affirmation of Jamie Edmonson dated December 4, 2020 ("Edmonson Decl.") as Exhibit "A".

On information and belief, Plaintiffs served the Elsbree Subpoena on or about November 10, 2020.[2]

Plaintiffs in the New York Action issued a Subpoena Ad Testificandum dated November 9, 2020, to non-party witness Kelly Nugent, Esq. ("Nugent Subpoena"), compelling her testimony by oral deposition in Alameda County, California, on December 17-18, 2020. A true and correct copy of the Nugent Subpoena is annexed to the Edmonson Decl. as Exhibit "B".

This Court has jurisdiction over this matter because the subpoenas seek compliance within 100 miles of this Court. Fed. R. Civ. P. 45(c)(1)(A), 45(d)(3).

## III. THE NEW YORK ACTION

The subpoenas at issue derive from an insurance coverage matter concerning insurance policies sold to General Motors Corporation, the parent company of Residential Funding Company ("RFC"), venued in the United States Bankruptcy Court of the Southern District of New York, *In re Residential Capital, LLC*, Case No. 12-12020-mg, *Drennan v. Certain Underwriters at Lloyd's of London*, adversary proceeding number 15-01025-shl.

Beginning in 2001, several class actions were filed against RFC and other parties on behalf of borrowers who had obtained second mortgage loans that RFC acquired on the secondary market. In May 2012, RFC (along with its parent companies and other affiliate entities) filed for relief under Chapter 11 of the Bankruptcy Code, and RFC's reorganization plan was confirmed in December 2013. As part of that plan, RFC assigned rights to the Class Plaintiffs[3] to pursue

---

[2] Rule 45(b)(4), Fed. R. Civ. P., provides that "[p]roving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server." No such proof of service has been filed.

[3] The Class Plaintiffs are Rowena Drennen, Flora Gaskin, Roger and Christie Turner, John and Rebecca Picard, individually, and as the representatives of the Kessler Settlement Class, along with Plaintiffs Steven and Ruth Mitchell, individually, and as the representatives of the Mitchell Settlement Class.

– 3 –

insurance coverage under the insurance policies for a certain number of underlying lawsuits filed against RFC. RFC also assigned rights to the Trust Plaintiff[4] to pursue insurance coverage under the Policies for a different group of underlying lawsuits. These Underlying Actions involved allegations that originating banks charged illegal fees during closings on second mortgage home loans, and that RFC became derivatively liable under various federal and state statutes when it purchased the loans in order to package them for securitization (although there were allegations that RFC received illegal fees directly).

On February 4, 2015, the Class Plaintiffs and the Trust Plaintiff filed a complaint (*Drennan, et al. v. Certain Underwriters at Lloyd's of London, et al.*, adversary proceeding no. 15-01025-shl) against the insurance companies, including Defendant Underwriters. After significant discovery, Plaintiffs filed a Third Amended Adversary Complaint on February 11, 2020, and discovery is ongoing.

## IV. THE NON-PARTY WITNESSES

Class Plaintiffs issued subpoenas for testimony by oral deposition of three former insurance coverage attorneys for Defendant Underwriters in the New York action: Eugene Elsbree, Esq., Kelly Nugent, Esq., and William Lutz, Esq.

Defendant Underwriters retained the law firm of Sedgwick LLP to provide legal advice and counsel concerning insurance coverage issues arising from RFC's claims for coverage in connection with lawsuits filed by residential borrowers against RFC for improper fees associated with the borrowers' second mortgage loans. (*See* Declaration of Eugene V. Elsbree, III, dated December 16, 2016, annexed to the Edmonson Decl. as Exhibit "D").

Eugene Elsbree, Esq., was a partner at Sedgwick LLP, and he provided legal advice and counsel to Underwriters. (*See* Edmonson Decl., Ex. D

---

[4] The Trust Plaintiff is the ResCap Liquidating Trust, as successor to Residential Funding Company, LLC

– 4 –

at ¶¶ 1-2, 12-17). Mr. Elsbree was not employed as a "claim investigator" or "claim handler" by Defendant Underwriters (*id.*, ¶ 17), and Defendant Underwriters retained the responsibility to handle and adjust claims arising under the insurance policies it issued (*see id.*, ¶ 11).

Mr. Elsbree supervised and directed two other Sedgwick attorneys (Kelly Nugent, Esq., and William Lutz, Esq) in the provision of legal advice and counsel to Defendant Underwriters. Throughout their time as outside counsel for Defendant Underwriters, Mr. Elsbree and his associates, Ms. Nugent and Mr. Lutz, provided legal advice regarding the lawsuits against RFC,[5] often in the form of reports discussing the potential insurance coverage issues facing Underwriters. (*Id.*, ¶¶ 12-17). Ultimately, Defendant Underwriters issued several coverage position letters to RFC, including a number of reservation of rights as to RFC's insurance claims. (*Id.*, ¶¶ 58-60).

**V. GOOD FAITH MEET AND CONFER PROCESS**

Following service of the subpoenas, counsel for Defendant Underwriters conducted a meet and confer with Plaintiffs on November 18, 2020. During the November 18, 2020 conference, counsel for Defendant Underwriters confirmed that they would represent Mr. Elsbree, Ms. Nugent, and Mr. Lutz with respect to the non-party subpoenas.

On behalf of the Non-Party Witnesses, counsel noted that the subpoenas served on Mr. Elsbree and Ms. Nugent failed to comply with the Federal Rules as each sought to compel testimony over the course of two days. Counsel for the Non-Party Witnesses also noted that Mr. Elsbree was the supervising partner on the matter, that he provided continuous representation to Defendant Underwriters for the time period at issue, that he supervised and

---

[5] Notably, the plaintiff's lawyer in many of those lawsuits against RFC is the same lawyer representing the Class Plaintiffs in the New York coverage action who is seeking to conduct these depositions, and thus he already is fully knowledgeable of the facts and claims in the underlying lawsuits.

– 5 –

directed the work of Ms. Nugent and Mr. Lutz, and accordingly, that any testimony by Ms. Nugent and Mr. Lutz likely would be duplicative and unnecessary.

Counsel for the Non-Party Witnesses ultimately offered to produce Mr. Elsbree for 10.5 hours over the course of two days and requested that Plaintiffs stay the depositions of Ms. Nugent and Mr. Lutz until after Plaintiffs deposed Defendant Underwriters and Mr. Elsbree – to determine whether Ms. Nugent and Mr. Lutz would need to be produced at all.

Plaintiffs rejected these proposals, insisting that they retained the "sole discretion" to determine the need, scope, and duration of these non-party depositions. (*See* Edmonson Decl., Ex. "E").

In view of the foregoing and unsuccessful efforts to reach a mutually agreeable compromise, the Non-Party Witnesses respectfully submit that judicial intervention is necessary in order to protect their rights from the overly broad and unduly burdensome subpoenas.

## VI. ARGUMENT

Rule 45, Fed. R. Civ. P., explicitly empowers this Court to review the the non-party subpoenas at issue: "On a timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter . . . or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). In reviewing subpoenas issued by sister courts, courts in this Circuit recognize and adhere to the jurisdictional mandate of F.R.C.P. 45(d). *See, e.g.*, *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (denying plaintiffs' motion to compel concerning non-party subpoena over a non-party and noting that, because "the proper district to compel compliance with the [s]ubpoena is the Northern District of California," the reviewing court "has no jurisdiction" over the motion to compel"); *Sines v. Kessler*, 2018 WL 3730434, *9 (N.D. Cal. Aug. 6, 2018)

– 6 –

(partially granting a non-party's challenge of a subpoena issued in a Virginia action, noting that venue was appropriate in the Northern District of California because "compliance with the subpoena is required in Oakland, California").

In addition to the foregoing, non-party witnesses are afforded extra protection from the court because "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party." *United States v. CBS*, 666 F.2d 364, 371-72 (9th Cir. 1982).

### A. Plaintiffs' Subpoenas Improperly Intrude On The Attorney-Client Relationship Between the Non-Party Witnesses and Defendant Underwriters.

The Non-Parties object to the subpoenas as unduly burdensome and to the extent that the testimony sought likely is protected by the attorney-client privilege and/or the work product doctrine. Fed. R. Civ. P. 45(d)(1), (d)(3). In federal actions based on diversity jurisdiction, state law governs attorney-client privilege claims. Fed. R. Evid. 501. Under California law, "evidentiary privileges such as the attorney-client privilege are governed by statute." *HLC Props., Ltd. v. Superior Court*, 35 Cal.4th 54, 59 (Cal. 2005). Pursuant to California Evidence Code Section 954, the attorney-client privilege allows the client to "refuse to disclose, and to prevent another from disclosing, a confidential communication between the client and lawyer." Cal. Evid. Code § 954. Confidential communications includes "legal opinion[s] formed and the advice given by the lawyer in the course of [the attorney-client] relationship." Cal. Evid. Code § 952. The work product doctrine is governed by federal law and protects materials prepared by an attorney in anticipation of litigation or preparation for trial. Fed. R. Civ. P. 26(b)(3). "Opinion work product may be discovered and admitted when mental impressions are at issue in a case and the need for the material is

compelling." *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573 (9th Cir. 1992).

As coverage counsel for Underwriters, Sedgwick was engaged by Defendant Underwriters to provide legal advice and assistance; thus, much of the testimony sought by Plaintiffs will be subject to the attorney-client privilege and/or the work product doctrine. *See In re C.M. Meiers Co., Inc.*, 2016 WL 9458553, *26 (Bank. C.D. Cal. Dec. 20, 2016) ("An insurer who consults counsel as part of its claims analysis does not waive the attorney-client privilege."). Because the subpoenas served by Plaintiffs fail to specify the topics or subjects to be explored at the depositions of the Non-Party Witnesses, the Non-Party Witnesses cannot currently ascertain the extent of the privileged information that will be sought at their depositions. However, due to the very nature of the Non-Party Witnesses' relationship with Defendant Underwriters as detailed in the Elsbree Declaration, it is likely that Plaintiffs' will seek to elicit testimony that improperly intrudes on privileged and confidential relationship between these insurance coverage attorneys with their client.

In addition, while Plaintiffs are likely to argue that their factual allegations of a breach of good faith and fair dealing permit them discovery of insurance claims handlers and the handling of the claim, the Elsbree Declaration describes the legal advice and counsel that Sedgwick and its attorneys provided to Defendant Underwriters, and explicitly denies that Defendant Underwriters ever employed Sedgwick as a claims examiner or claims handler. (*See* Edmonson Decl., Ex. D). Nor are Plaintiffs entitled to privileged material from Defendant Underwriters' coverage counsel merely because Plaintiffs make factual allegations for an alleged breach of good faith and fair dealing. Testimony by the Non-Party Witnesses is not relevant in the New York action, even in the presence of "bad faith" allegations where there the defendant insurer is not claiming an "advice of

– 8 –

counsel" defense. *See Aetna Cas. & Surety Co. v. Superior Court*, 153 Cal. App. 3d 467, 475 (Cal. Ct. App. 1984).

For example, in *Aetna Casualty & Surety Co.*, the insured filed a bad faith action against the insurer, and then sought depositions of two coverage attorneys who had previously advised the insurer with the claim. *Id*. at 470. In granting the insurer's motion to quash the subpoenas, the court found that the insurer's defense was not predicated on the advice of their former counsel, but on the claim that "their conduct was reasonable because the *facts* indicated that no valid claim existed." *Id*. at 475 (internal citations omitted). Additionally, the court held that, because the insurer's state of mind was not brought to issue by the insurer, but by the insured, the attorney-client privilege had not been waived by the insurer. *Id*. at 477. Just as in *Aetna Casualty & Surety Co.*, Underwriters are entitled to the attorney-client privilege and have not waived this privilege. As such, the subpoenas seeking the depositions of the Non-Parties should be quashed on the basis of the attorney-client privilege and work product doctrine.

### B. Plaintiffs' Subpoenas Are Duplicative And Seek Unnecessary Testimony By Defendant Underwriters' Former Coverage Counsel.

In addition to the attorney-client privilege and the work product doctrine, the subpoenas are unduly burdensome because the information sought from the Non-Parties can be more conveniently sought from other sources, including the deposition of Defendant Underwriters pursuant to Fed R. Civ. P. 30(b)(6).[6] In *Shopify (USA), Inc. v. Express Mobile, Inc.*, 2019 WL 5893235 (N.D. Cal. Nov. 12, 2019), Shopify, after deposing an attorney who had directly worked on patent revival application at issue, also sought the deposition of a

---

[6] As mentioned above, the Class Plaintiffs' lawyer, Frederick Walters, was the plaintiffs' lawyer in most of the underlying lawsuits against RFC. As such, he cannot claim that he must depose the Non-Parties to gain information about the underlying lawsuits. Other than that factual information, the only other testimony that could be elicited from the Non-Parties is protected by the attorney-client privilege.

– 9 –

former patent attorney who briefly had worked on the initial patent application. The court held that because, *inter alia*, another individual was "better positioned to offer potentially relevant information" and because non-parties "deserve extra protections from the courts," the deposition of the non-party witness was unnecessary and granted the motion to quash the subpoena. *Id*. 2019 WL 5893235 at *4 (citing *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995)). Similar results have been reached in *Audio MPEG, Inc. v. HP Inc.*, 2017 WL 950847 (N.D. Cal. 2017) (information sought from non-party witness is available from other witnesses or was irrelevant, making the taking of a deposition an undue burden), *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406 (C.D. Cal. 2014) (low probative value of non-party witness's potential testimony and high burden placed on witness warranted granting motion to quash), *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215 (N.D. Cal. 2015) (non-party deposition not warranted as burden on non-party outweighed value of testimony), and *Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D. Cal. 2005) (undue burden in seeking discovery from non-party witness without seeking discovery first from adverse party). The result should be no different here.

There is no dispute that Sedgwick LLP was engaged to provide legal advice and counsel to Defendant Underwriters regarding RFC's claims of coverage, and that Eugene Elsbree, Esq. was the partner at Sedgwick LLP ultimately responsible for providing that legal advice. Moreover, as established during the course of discovery in the New York action, and as reiterated in the numerous meet and confers between counsel, Eugene Elsbree, Esq. represented Defendant Underwriters for the longest period of time, and Mr. Elsbree supervised and directed the work of associates Kelly Nugent, Esq. and William Lutz, Esq. Again, the Non-Party Witnesses submit that the need for their depositions is unnecessary particularly where Plaintiffs have not yet deposed Defendant

– 10 –

Underwriters' representative(s) pursuant to Fed. R. Civ. P. 30(b)(6). However, to the extent Plaintiffs may compel testimony by *any* of Defendant Underwriters' former insurance coverage attorneys, testimony by either Ms. Nugent or Mr. Lutz is likely to be duplicative of Mr. Elsbree's. Because the Non-Party Witnesses here can only offer testimony that would be duplicative with other sources, would provide little, if any, probative value, and would be unreasonably burdensome on former coverage counsel who worked on the matter at issue almost 2 decades ago, the subpoenas should be quashed.

### C. Plaintiffs' Subpoenas Improperly Seek To Compel Multiple Days Of Testimony By The Non-Party Witnesses.

Finally, the Non-Party Witnesses object to the subpoenas on the basis that each seeks to compel testimony for 14 hours over the course of 2 days. Rule 30(d)(1), Fed. R. Civ. P., explicitly limits depositions to a single day of no more than 7 hours, absent stipulation or court order. Neither of the Non-Party Witnesses consents to sitting for a deposition of 14 hours over the course of 2 days – particularly where the depositions improperly intrude on the attorney-client relationship, are unnecessarily duplicative, and are not proportional to the New York insurance coverage action.

### D. Compliance With Plaintiffs' Subpoenas Should Be Stayed Pending Decision By This Court.

The Non-Party Witnesses first objected to the subpoenas dated November 9, 2020, by email dated November 16, 2020 – well within the time period for objecting as provided by Fed. R. Civ. P. 45(d)(2)(B). (Edmonson Decl., Ex. E). In addition, at the meet and confer conducted on November 18, 2020, Plaintiffs were advised that counsel for Mr. Elsbree had a conflict for one of the two dates Plaintiffs selected for the deposition of Mr. Elsbree (December 10-11, 2020) and, accordingly, asked that the deposition be rescheduled to a mutually agreeable date and time.

| | |
|---|---|
| 1 | Plaintiffs conditioned their agreement to adjourn the depositions of the Non-Party Witnesses on the Non-Party Witnesses' agreement to otherwise submit to the subpoenas as issued. (*Id.*) The inability to reach a compromise necessitates this motion, and the Non-Party Witnesses respectfully submit that their compliance with the subpoenas be stayed pending resolution by this Court. In addition, the previously stated conflict for Mr. Elsbree's deposition currently scheduled for December 10-11, makes compliance unreasonable. |

## VII. CONCLUSION

For the foregoing reasons, Non-Party Witnesses Eugene Elsbree, Esq., and Kelly Nugent, Esq. request that the subpoenas be quashed, compliance with the subpoenas be stayed until decision is rendered by this Court, and a protective order issued to prevent further efforts to unduly burden or harass the Non-Party Witnesses with discovery.

Dated: December 4, 2020

Respectfully submitted,

**ROBINSON & COLE LLP**

By: /s/ Jamie L. Edmonson

Jamie L. Edmonson, Esq. (Bar No. 185384)
ROBINSON & COLE LLP
Attorneys for Non-Party Witnesses
Eugene Elsbree, Esq. and Kelly Nugent, Esq.